USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARC ABRAMS, and RUSSELL ABRAMS
individually and derivatively on behalf of
Swift Boat Film LLC,

                          Plaintiffs,

                     -against-

SWIFT BOAT FILM, LLC, WHITE
MOUNTAIN FILMS, LLC, GEORGE
BUTLER, WILLIAM SAMUELS, VINCENT
A. ROBERTI, PALISADES PICTURES
ENTERTAINMENT GROUP FUND
MANAGEMENT, INC., PALISADES
PICTURES ENTERTAINMENT GROUP, LLC,
GOING UPRIVER FUND, LLC, and
THINKFILM, LLC,

                          Defendants.
------------------------------------------------------------x

05 Civ. 2082 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

       The complaint in this action, filed by shareholders of Swift Boat Film LLC ("Swift Boat") on February 14, 2005, asserts four claims brought as individuals and five claims brought derivatively on behalf of Swift Boat. The derivative claims allege that defendants breached their fiduciary duties and contractual obligations to Swift Boat and engaged in waste and self-dealing by entering into a series of transactions regarding the distribution and exploitation of the documentary "Going Upriver: The Long War of John Kerry" that were not in good faith, that were in knowing violation of the law and from which defendants intended to derive personal benefit to the detriment of Swift Boat. In essence, plaintiffs claim that they were told the documentary would be a commercial venture when in fact, according the complaint, defendants did not attempt to exploit the

1

film for profit and instead used it to attempt to influence the 2004 U.S. presidential election in favor of Senator John Kerry.

The parties reached a settlement on January 6, 2006 pursuant to which plaintiffs are to be paid $80,000 – which plaintiffs say represents approximately 45% of their investment in Swift Boat – to dismiss their individual claims, while no payment will be made to Swift Boat or any of its members with respect to the derivative claims. The $80,000 is to be deemed an advance against the return of capital plaintiffs may become entitled to as shareholders of Swift Boat.

After the parties agreed to resolve their dispute, the Court directed the parties to give notice pursuant to Fed. R. Civ. P. 23.1 of the proposed settlement and dismissal to all shareholders of Swift Boat. The parties mailed a "Notice of Proposed Dismissal of Derivative Actions, Hearing and Right to Appear" to all current shareholders of Swift Boat on January 9, 2006 by certified mail, return receipt requested. All but two of the notices were received; those two were returned as "undeliverable." The Court finds that this method of notice was sufficient. See Lewis v. Anderson, 81 F.R.D. 436, 442 (S.D.N.Y. 1978).

In regard to substance, the notice summarized the background of the litigation in neutral terms, explained the terms of the settlement and its potential impact on Swift Boat and informed shareholders of their right to object. Specifically, the notice informed shareholders that they had the right to file objections to the proposed settlement with the Court on or before February 3, 2006 and that the Court was to conduct a hearing on February 10, 2006 at 9:30 a.m., at which time any shareholders with objections to the settlement would be heard. The Court finds that the content of the notice was sufficiently

clear and detailed to allow shareholders to make an informed choice regarding whether to intervene to challenge the proposed disposition of the litigation. See Levin v Mississippi River Corp., 59 F.R.D. 353, (S.D.N.Y.), aff'd without op., 486 F.2d 1398 (2d Cir.), cert. denied, 414 U.S. 1112 (1973), reh'g denied, 415 U.S. 939 (1974).

No objections to the settlement have been filed with the Court at any time and no shareholders appeared to object to the settlement at the Rule 23.1 hearing held on February 10. The Court, taking notice of the lack of objections and having reviewed the terms of the proposed settlement, finds that the proposed settlement is fair, reasonable and adequate; protects the interests of the corporation and its shareholders; and was not procured by fraud or collusion between the parties. See Cannon v. Texas Gulf Sulphur Co., 55 F.R.D. 308, 315 (S.D.N.Y. 1972) (citing State of West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079 (2d Cir. 1971)); Papilsky v. Berndt, 466 F.2d 251, 258 (2d Cir. 1973).

Accordingly, the settlement between the parties is approved and the complaint in this action is dismissed with prejudice.

Dated: New York, New York
February 10, 2006

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

3